IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STUART L. STEIN, AND STUART L. STEIN,
P.A., a professional law corporation d/b/a The
Stein Law Firm,

                Plaintiffs,

v.                                                  No. CIV 03-631 LFG/RHS

LEGAL ADVERTISING COMMITTEE OF
THE DISCIPLINARY BOARD, et al.,

                Defendants.

## MEMORANDUM OPINION AND ORDER

### Introduction

THIS MATTER is before the Court[1] on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, filed May 27, 2003 [doc. nos. 3, 4, 5, 6] and Defendants' Motion to Dismiss and/or for Summary Judgment, filed June 10, 2003 [doc. nos. 11, 12]. Plaintiffs' Motion for TRO was fully briefed [doc. nos. 13, 15]. Plaintiffs filed a response to Defendants' Motion to Dismiss [doc. no. 16]. No further briefing is necessary on the motion to dismiss, as the Court heard argument from counsel at a hearing on June 13, 2003.

---

[1] All parties agreed to proceed before the Magistrate Judge. [Doc. Nos. 2, 7.]

**Procedural Background**

This is the third lawsuit filed by Plaintiffs asserting the same constitutional challenges to New Mexico's legal advertising determinations and procedures, and the third time that this Court will grant Defendants' motion to dismiss on grounds of the abstention doctrine and failure to exhaust administrative remedies. This lawsuit (No. CIV 03-631) is referred to as "Stein III". The first two lawsuits are referred to as "Stein I" (No. CIV 02-917 LFG) and "Stein II" (No. CIV 03-450 LFG/RHS).[2]

On May 27, 2003, Plaintiffs filed this latest Complaint for Preliminary Relief, Declaratory Judgment and Damages [doc. no. 1] against essentially the same Defendants as were named in Stein I, with the exception of judicial and committee member changes that occurred in the intervening months. Thus, in Stein III, Plaintiffs sue the Legal Advertising Committee of the Disciplinary Board ("LAC"), Stan Harris, Chair, C. Brian Charlton, Chad D. Cooper, John P. Cosentino, Michael P. Fricke, Kyle H. Moberly, Barbara Montoya, Troy W. Prichard and Gregory P. Sherman, all members of the LAC ("members of the LAC"), the Disciplinary Board of the Supreme Court of New Mexico, Michael H. Hoses, Chair, James F. Beckley, Sasha Siemel, Richard J. Parmley, Jr., Victor A. Titus, Mike G. Paulowsky, Dorothy S. Peters, Larry Ramirez, Roger Copple and Robert S. Murray, all members of the Disciplinary Board, and the Honorable Petra Maes, the Honorable Pamela B. Minzner, the Honorable Patricio M. Serna, the Honorable Richard C. Bosson, and the Honorable Edward L. Chavez, the Chief Justice and Justices of the Supreme Court of New Mexico ("Defendants").

---

[2]For a more thorough recitation of the procedural history, *see* Memorandum in Support of Defendants' Motion to Dismiss and/or Motion for Summary Judgment Based on the Court's Lack of Subject Matter Jurisdiction over Stein III and the Principles of Younger Abstention. [Doc.12, at pp. 2-5, No. CIV 03-631.]

In Stein I, Plaintiffs sought to enjoin the State Bar disciplinary proceeding while they challenged the constitutionality of the State Supreme Court's policies and procedures relating to lawyer advertising. The Complaint in Stein II raised constitutional claims concerning several proposed legal advertisements that Plaintiffs submitted for approval to the LAC, subsequent to Stein I, and which the LAC did not approve in April 2003. The Stein II Complaint was remarkably similar to the First Amended Complaint filed by Plaintiffs in Stein I. The Stein III Complaint also raises constitutional claims regarding attorney advertising in New Mexico.

Similar to the present case before me, Defendants moved to dismiss the complaints in Stein I and II based on grounds of abstention. On February 6, 2003, after hearing argument from counsel and considering the law and briefs, this Court granted the defendants' motion to dismiss and dismissed Stein I, without prejudice, in accordance with principles of <u>Younger</u> abstention and exhaustion. <u>Younger v. Harris</u>, 401 U.S. 37, 43-44, 91 S.Ct. 746 (1971); <u>Bell v. Legal Advertising Committee</u>, 998 F. Supp. 1231, 1236 (D.N.M. 1998). [Doc. 65, No. CIV 02-917.] Plaintiffs were advised in Stein I that the case might be reinstated after resolution of the related and ongoing state disciplinary proceedings against Plaintiffs and after Plaintiffs had exhausted their administrative remedies. [<u>Id.</u>]

In Stein II, the Court again granted Defendants' Motion to Dismiss, after hearing argument from counsel and considering the law and briefs. [April 22, 2003 Memorandum Opinion and Order, Doc. 14, No. CIV 03-450.] In so doing, the Court relied in part on its opinion issued in Stein I. [Doc. No. 65, No. CIV 02-917.] However, the Court also reasoned that despite Plaintiffs' attempt to distinguish Stein II from Stein I, the two cases concerned related claims arising out of attorney disciplinary proceedings and/or matters. For purposes of efficiency, judicial economy, and so as to

achieve an expeditious disposition, it made sense to allow Plaintiffs to raise all these related claims in the underlying disciplinary proceedings and for Defendants to defend against those claims in one administrative proceeding. Moreover, issues involving the regulation of legal advertising are exactly the types of matters that the State of New Mexico has an important interest in regulating and resolving. Thus, the Court again abstained on grounds of Younger abstention and exhaustion and dismissed Stein II, without prejudice. [Doc. 14, No. CIV 03-450.]

### Stein III

This brings us to Stein III. Plaintiffs contend that subsequent to the Court's rulings in Stein I and II, the operative facts changed thereby requiring the Court to entertain this third lawsuit rather than abstaining as before. Plaintiffs' first argument concerns the recent stay of the underlying disciplinary proceedings. [Doc. 1, Ex. D.] The stay, issued by the Disciplinary Board on May 19, 2003, included the filing of all pleadings and discovery in the disciplinary proceedings so that the Board could take time to consider Mr. Stein's recent request that the Board review the rejection of two of his ads by the LAC. [Id.] The Board explained that it was staying the proceedings in order to conserve the resources of the disciplinary process since it considered the disciplinary proceedings and Mr. Stein's more recent request to be interrelated. [Id.] Because of the stay, however, Plaintiffs argue that there is no longer an ongoing disciplinary case for purposes of abstention. (*See* discussion *infra* regarding requirements for Younger abstention and doc. 65 in No. CIV 02-917.)

Second, Plaintiffs claim that the disciplinary proceedings do not amount to an "adequate forum" to raise their federal constitutional claims, particularly in view of Defendants' recent actions in those underlying proceedings. After Stein II was dismissed, Plaintiffs filed an Amended Answer in the disciplinary proceeding and asserted a counterclaim against the Disciplinary Board that raised

4

constitutional claims and a third party complaint for declaratory relief against the LAC, alleging First Amendment and other constitutional violations. [Doc. 1, Ex. A.] Mr. Stein requested, *inter alia*, that the Hearing Committee issue a declaratory judgment that he had a vested right to use the advertising statements at issue based on the LAC's alleged previous approval of the same ads. Defendant Disciplinary Board then moved to strike the counterclaim and third party complaint, asserting that the disciplinary system or committee did not have jurisdiction to consider counterclaims or third party complaints that sought, for example, declaratory relief as to the constitutionality of certain advertising rules. [Doc. 1, Ex. B.]

Plaintiffs consider the Board's motion to strike to be contrary to the position Defendants have consistently advanced in these federal lawsuits. In other words, Defendants have repeatedly argued in Stein I and II that the administrative process is an adequate forum to raise the constitutional claims and that Plaintiffs have a "risk-free method of review" for attorney advertisements rejected by the LAC, consisting of a declaratory judgment action before the Disciplinary Board. Here, Plaintiffs claim they finally "did it right" by appealing the rejection of several ads to the Board and raising constitutional claims in the counterclaim/third party complaint, with the result that the Board turned around and moved to strike the "appeal" by asserting it lacked jurisdiction over the counterclaim and third party complaint. Thus, Plaintiffs argue that the administrative disciplinary proceedings are not a true forum in which Plaintiffs can have their constitutional claims heard.

The current posture of the underlying disciplinary proceedings is that the stay is ongoing during the Board's review of the ads at issue, and the motion to strike will remain unresolved until the stay is lifted.

## Defendants' Motion to Dismiss Stein III
## and Analysis

Along with <u>Younger</u> abstention, Defendants raise additional reasons why this Court allegedly does not have jurisdiction to consider Plaintiffs' requests for relief in Stein III. Defendants argue that Plaintiffs do not have standing to assert claims against Defendants based on the motion to strike that purportedly demonstrates the Board's unwillingness to consider Stein's unconstitutional claims. This is true according to Defendants because the motion to strike is undecided at this point and thus, there is no standing to raise any claim related to the unresolved motion and such issues are not ripe for review by this Court.

Defendants' other jurisdictional argument is that the <u>Rooker-Feldman</u> doctrine precludes this Court's review of the stay order issued in the underlying administrative proceeding. <u>Kenmen Engineering v. City of Union</u>, 314 F.3d 468 (10th Cir. 2002). "The Rooker-Feldman doctrine 'bars a party losing in a state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" <u>Johnson v. Riddle</u>, 305 F.3d 1107, 1116 (10th Cir. 2002) (internal citation omitted). Notwithstanding Defendants' interpretation of <u>Kenmen Engineering</u>, this Court is not convinced that <u>Rooker-Feldman</u> is applicable to these facts. The temporary stay at issue does not transform Plaintiffs into the "losing party" nor is it a state judgment at this point. However, the Court need not decide this matter as it determines that the principles of <u>Younger</u> abstention are still applicable and require abstention in Stein III.

The <u>Younger</u> abstention doctrine generally requires federal courts to abstain from hearing federal constitutional claims that involve or call into question ongoing state procedures. <u>Younger v.</u>

Harris, 401 U.S. 37, 43-44, 91 S.Ct. 746 (1971). If the requirements for Younger abstention are met, abstention is mandatory. Amanatullah v. Colorado Board of Medical Examiners, 187 F.3d 1160, 1163 (10th Cir. 1999). Before the Court abstains under Younger, the following requirements must be satisfied: (1) existence of an ongoing civil or administrative proceeding that is "judicial in nature"; (2) showing that the state proceedings involve important state interests; and (3) existence of an adequate forum to hear the claims raised in the federal complaint. Id. See Memorandum Opinion and Order entered in Stein I. [Doc. 65, No. CIV 02-917.]

After considering the parties' positions in their briefs and at the June 13, 2003 hearing, the Court finds that all of the requirements of Younger continue to be met in Stein III. There is an ongoing administrative proceeding that is judicial in nature, even if that action is stayed. Nothing in the Disciplinary Board's stay letter indicates that the stay is anything but limited in nature. In other words, the disciplinary stay is distinguishable from that issued in Southwest Air Ambulance, Inc. v. City of Las Cruces, 268 F.3d 1162, 1178 (10th Cir. 2001), where the state court stayed its own proceedings specifically so that the federal court could resolve its related case and until resolution of the federal mater. Here, the Disciplinary Board did not stay the disciplinary proceedings pending resolution of a federal lawsuit. Indeed, there was no federal lawsuit pending when the stay was issued.

Second, the Court again finds that there is no question that this type of attorney disciplinary matter involves important state interests, nor is there any dispute as to this part of the test by Plaintiffs.

Third, the Court concludes that there is an adequate opportunity afforded in the state administrative proceedings to raise the federal constitutional claims. Mr. Stein raised his

7

constitutional claims as part of his affirmative defenses in the underlying action, and Defendant Disciplinary Board has not moved to dismiss all of those affirmative defenses. Thus, even if Defendant's Motion to Strike is granted, it appears that the constitutional claims will be addressed. However, even if those claims are rejected, Mr. Stein may seek review of any such decision in the New Mexico Supreme Court and could file a petition for writ of certiorari with the United States Supreme Court, if necessary.

Again, the Court cannot look at Stein III in a vacuum or without reference to Stein I and II and the ongoing, *albeit* stayed, disciplinary proceedings. Any rulings by the Court in Stein III would necessarily impact and could well interfere with the disciplinary proceedings or even action by the State's high court. For purposes of efficiency and judicial economy, it makes sense to allow Plaintiffs to raise all of these related claims in the disciplinary proceedings and for Defendants to defend against those claims in one administrative proceeding.

Thus, for these reasons and those set out in the Court's opinion in No. CIV 02-917 [doc. 65] and No. CIV 03-450 [doc. 14], the Court grants Defendants' Motion to Dismiss, based on grounds of Younger abstention and exhaustion. The Court declines Plaintiffs' invitation to leave Stein III pending or stayed, and instead, dismisses Plaintiffs' Complaint in Stein III, without prejudice.

IT IS THEREFORE ORDERED that:

(1) Defendants' Motion to Dismiss and/or Motion for Summary Judgment [doc. 11] is GRANTED and that Plaintiffs' Complaint [doc. 1] is dismissed, without prejudice;

(2) Plaintiffs' Motion for Temporary Restraining Order [doc. 3] is DENIED as moot, by virtue of the dismissal of the Complaint;

  (3)  Defendants' Motion to Quash Subpoenas and for Protective Order [doc. 9] is DENIED as moot; and

  (4)  Plaintiffs' Motion to Combine this Cause with Similar Action Filed Under Case Number CIV 02-0917 LFG and CIV 03-450 LFG/RHS[3] is DENIED as moot.

                       *Lorenzo F. Garcia*
                       Lorenzo F. Garcia
                       Chief United States Magistrate Judge

---

[3] The Court was supplied this pleading that shows a filing date of May 27, 2003, but the pleading does not appear on the Court's automated docket. In any event, the request to combine cases is denied as moot.